UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BRANDON BRADLEY, SR.,

      Plaintiff,

      v.                                                           Case No. 20-C-709

LT. BRIAN DRUMM,
TAMMY WILD, and
DODGE COUNTY SHERIFF'S DEPARTMENT,

      Defendants.

---

# SCREENING ORDER

---

      Plaintiff Brandon Bradley, Sr., who is currently serving a state prison sentence at Columbia Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

      Plaintiff has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2). On June 2, 2020, the court waived the initial partial filing fee and directed Plaintiff that he must voluntarily dismiss the action within 21 days. Because Plaintiff has not moved to dismiss the action, the court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee and screen the complaint.

## SCREENING OF THE COMPLAINT

The court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

A complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that in April 2018, he was charged with assault by a prisoner for throwing water on CO Leopold's shoes. During a recorded interview, Plaintiff said that WCI was corrupt and that the department needed to investigate his claims. Plaintiff claims he was jumped by Sergeant Beahm. Plaintiff conducted a preliminary hearing and described the two attacks. Plaintiff claims an individual incriminated himself and that to cover up for him, the department and ADA Yolanda Tienstra altered and blurred words in the transcripts. Plaintiff claims an altered training day style video was entered as a state exhibit in his criminal case to contradict his version of events. Plaintiff claims he thought his paperwork could be destroyed, so he gave it to Ms. Klein for safekeeping. He believes she had to open the file under court order, which gave WCI insight into his argument. Plaintiff alleges that after he saw the video in court, he "blacked out and struck a CCI officer in the face." He was then charged with battery by a prisoner in case number 19-cf-228. He claims this caused multiple delays in his jury trial and that Lt. Drumm was supposed to testify at trial but refused to take the stand. Plaintiff asserts he was ultimately acquitted of the false staff assault allegations.

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Plaintiff claims that Lt. Drumm, Tammy Wild, and the Dodge County Sheriff's Department violated his First Amendment right because "he

conducted a pre-lim hearing and caused Lt. Drumm to incriminate himself, causing injury." Dkt. No. 1 at 5. Plaintiff also claims Lt. Drumm, Tammy Wild, and the Dodge County Sheriff's Department violated his Sixth and Seventh Amendment right to a speedy jury trial and violated his Fourteenth Amendment right to due process.

Plaintiff's complaint does not meet the minimal requirements of Rule 8 of the Federal Rules of Civil Procedure, which requires that the complaint contain "a short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff's complaint contains only conclusory assertions that the defendants violated Plaintiff's constitutional rights and is devoid of any factual content. Where multiple claims are asserted, a complaint is required to list each claim separately and set forth thereunder, preferably in numbered paragraphs, the allegations of fact necessary to provide notice to each defendant of what he or she did to, or did not do for, the plaintiff, including any injuries that resulted, that potentially gives rise to personal liability on the part of a defendant and warrants requiring that he or she respond to a federal lawsuit. *See George v. Smith*, 507 F.3d 605, 608 (7th Cir. 2007) (noting that plaintiffs "must give enough detail to illuminate the nature of the claim and allow defendants to respond"). In other words, absent specific allegations as to what each defendant did and when and where they did it, the complaint fails its essential purpose of providing notice to the defendants of Plaintiff's claims against them.

The court finds that the complaint fails to comply with Rule 8(a)(2). Therefore, the court will dismiss the original complaint submitted on May 11, 2020. If Plaintiff wishes to proceed, he must file an amended complaint curing the deficiencies in the original complaint as described herein. An amended complaint must be filed on or before **August 10, 2020**. Failure to file an amended complaint within this time period may result in dismissal of this action.

4

Case 1:20-cv-00709-WCG   Filed 07/14/20   Page 4 of 7   Document 10

The plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If the amended complaint is received, it will become the operative complaint in this action, and the court will screen it in accordance with 28 U.S.C. § 1915A.

Plaintiff has also filed a motion to recruit counsel. Civil litigants do not have a constitutional or statutory right to have an attorney represent them. *Jackson v. Cty. of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). ("We begin with the fundamental premise that indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court."). District courts have the discretion to recruit counsel for individuals unable to afford counsel in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)). In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Pennewell v. Parish*, 923 F.3d 486, 490 (7th Cir. 2019) (quoting *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007)).

Plaintiff has not demonstrated that he made reasonable efforts to secure private counsel on his own. Though Plaintiff may have attempted to recruit counsel in his prior cases, he has not

5

shown that he made a reasonable attempt to recruit counsel in this case. The court must deny "out of hand" a request for counsel made without a showing that Plaintiff made a reasonable attempt to recruit counsel. *See Farmer v. Haas*, 990 F.2d 319, 321–22 (7th Cir. 1993). Accordingly, Plaintiff's motion to recruit counsel is denied. If Plaintiff chooses to renew his request for the recruitment of counsel, he must show that he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when Plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 8) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **August 10, 2020**, Plaintiff shall file an amended pleading curing the defects in the original complaint as described herein.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner complaint form and a copy of the guide entitled "Guide to Filing Prisoner Complaints Without a Lawyer in the United States District Court for the Eastern District of Wisconsin," along with this order.

**IT IS FURTHER ORDERED** that Plaintiff's motion to recruit counsel (Dkt. No. 3) is **DENIED**.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If

Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin this 14th day of July, 2020.

> s/ William C. Griesbach
> William C. Griesbach
> United States District Judge