UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BRANDON BRADLEY, SR.,

        Plaintiff,

    v.                                                           Case No. 20-C-709

LT. BRIAN DRUMM, et al.,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Brandon Bradley, Sr., who is currently serving a state prison sentence at Columbia Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. In a previous order, the court dismissed Plaintiff's amended complaint for failing to comply with Rule 8 of the Federal Rules of Civil Procedure and directed Plaintiff to file an amended complaint curing the defects in the original. On July 10, 2020, Plaintiff filed an amended complaint. The court will screen the amended complaint pursuant to 28 U.S.C. § 1915A.

### SCREENING OF THE COMPLAINT

The court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and

states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

A complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### THE COURT'S ANALYSIS

Plaintiff's amended complaint suffers from the same defects that plagued the original. Like the original complaint, Plaintiff's allegations are neither clear nor concise. But from what the court can discern, Plaintiff's complaint contains the following allegations against the defendants. In early 2018, Plaintiff was charged with battery by a prisoner in Case No. 18-cf-158 for throwing water on CO Leopold. Plaintiff claims Lt. Brian Drumm came to take his statement. Plaintiff

explained the corruption that existed at WCI and Sergeant Beahm's severe misconduct. Plaintiff alleges that, instead of taking his allegations seriously, Lt. Drumm completely disregarded them and filed the charges. Plaintiff alleges that he wrote the Dodge County Sheriff's Department and advised that he was in danger because he was testifying against Beahm and his coworkers. Plaintiff claims that Lt. Drumm did not intervene. He alleges that Court Reporter Tammy Wild altered and blurred words out that Plaintiff said and added words to ADA Tienstra's statements, to cover up for Lt. Drumm and the department, prolong his jury trial, and allow WCI time to alter incident reports and videos. He claims the jury did not hear Lt. Drumm's testimony, but he also alleges that Lt. Drumm incriminated himself. Plaintiff alleges he was ultimately acquitted of the charges. Plaintiff asserts that Lt. Drumm, Tammy Wild, Dodge County Sheriff John/Jane Doe, and the Dodge County Sheriff's Department (1) violated his First Amendment rights to freedom of speech, redress grievances, and access the courts; (2) violated Plaintiff's Sixth and Seventh Amendment rights to a speedy trial; and (3) violated Plaintiff's Fourteenth Amendment rights to due process and equal protection.

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). As an initial matter, Plaintiff's claims against the Sheriff and the Sheriff's Department must be dismissed. A Sheriff's Department is not liable for the alleged wrongdoing of its employees unless the employee acted pursuant to a policy or custom. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Plaintiff makes no allegation that any Dodge County Sheriff's Department employee acted pursuant to an official department policy or

custom.  In addition, Plaintiff only asserts conclusory claims against the Sheriff that are unsupported by any allegations in the amended complaint.  Accordingly, Sheriff John/Jane Doe and the Dodge County Sheriff's Department will be dismissed as defendants.

In addition, Plaintiff has failed to come forth with sufficient legal and factual allegations to present any plausible claim for relief against Lt. Drumm and Tammy Wild.  Plaintiff's conclusory statements that these defendants retaliated against him and violated his First, Sixth, Seventh, and Fourteenth Amendment rights are insufficient to state a claim and these claims must be dismissed.  Plaintiff also asserts that Lt. Drumm failed to protect him when he became aware of misconduct at WCI.  Prison officials have a duty to protect inmates from violence when they are aware that the inmate faced "a substantial risk of serious harm" and "disregard[ed] that risk by failing to take reasonable measures to abate it."  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  Damages for "a deliberate indifference claim cannot be predicated merely on knowledge of general risks of violence."  *Weiss v. Colley*, 230 F.3d 1027, 1032 (7th Cir. 2000).  Plaintiff's amended complaint does not contain any facts from which the court can infer that Lt. Drumm was aware of a substantial risk of harm and disregarded that risk.  Plaintiff asserts that he told Lt. Drumm about misconduct that had already occurred, and his amended complaint does not contain any allegations that Lt. Drumm was aware of a specific, impending, and substantial threat to Plaintiff's safety.  *See Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996).  Accordingly, Plaintiff's claims against Lt. Drumm will be dismissed.

Plaintiff's allegation that Wild altered and blurred words out that Plaintiff said and added words to ADA Tienstra's statements in the transcript to cover up for Lt. Drumm and the department, prolong his jury trial, and allow WCI time to alter incident reports and videos does not state a claim against Wild.  Although "innocent errors, even if negligent" do not subject court

4

reporters to liability under Section 1983, if court reporters "deliberately altered a transcript as part of a conspiracy to defraud a litigant, they can . . . be held liable." *Loubser v. Thacker*, 440 F.3d 439, 442 (7th Cir. 2006). To state a civil conspiracy claim, the plaintiff must allege that "an actual conspiracy existed (in other words, that people agreed to injure him), that its purpose was to deprive [the plaintiff] of his constitutional rights, that an act was committed in furtherance of the conspiracy, and that he was injured." *Alexander v. City of South Bend*, 433 F.3d 550, 556–57 (7th Cir. 2006) (citation omitted). The amended complaint does not contain any factual allegations from which it could be plausibly inferred that a conspiracy existed between Wild and certain WCI officials to "cover up" their conduct and cause delay. *See Twombly*, 550 U.S. at 555 (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level"). In short, any errors or discrepancies that may have appeared in the transcript suggest at most negligence, on which § 1983 claims cannot be founded. Accordingly, this claim against Wild must be dismissed.

This plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992). The court will not grant Plaintiff another opportunity to amend his complaint, given Plaintiff's failure to address the deficiencies noted in the court's July 14, 2020 Screening Order. "[D]istrict courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)). The court finds that allowing Plaintiff another opportunity to amend his complaint would be futile. Therefore, this action is dismissed for failure to state a claim upon which relief can be granted, arising from Plaintiff's

absolute failure to comply with the Federal Rules of Civil Procedure and for his failure to comply with the court's Screening Order.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) **for failure to state a claim**.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

Dated at Green Bay, Wisconsin this 20th day of July, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.