UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRANDON BRADLEY, SR.,

      Plaintiff,

    v.                                    Case No. 20-C-709

LT. BRIAN DRUMM, et al.,

      Defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO ALTER JUDGMENT

    Plaintiff Brandon Bradley, Sr., who is currently serving a state prison sentence at Columbia Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. In a July 20, 2020 screening order, the court summarily dismissed the action on the ground that Plaintiff failed to state a claim upon which relief could be granted. This matter comes before the court on Plaintiff's motion for relief from judgment, filed on July 24, 2020. Plaintiff moves for relief from the court's judgment and requests that I recuse myself from any further rulings in this matter.

    The court will first address Plaintiff's request that the court recuse itself from making any rulings in this matter due to "clear prejudice and misconduct." Dkt. Not. No. 14 at 1. Plaintiff accuses this court of protecting the defendants and accepting a bribe. 28 U.S.C. § 455 provides that a judge should be disqualified if "he has a personal bias or prejudice concerning a party . . . ." There is no basis for the court to recuse itself. It is certainly not accepting bribes, and it has no bias or prejudice concerning Plaintiff. Plaintiff's assertion that this court has some hidden animus against him is merely the product of speculation and frustration with the court's rulings against

him.  The Seventh Circuit has recognized that, "unless there are exceptional circumstances, judicial rulings are grounds for appeal, not disqualification."  *Hook v. McDade*, 89 F.3d 350, 355 (7th Cir. 1996).  Therefore, Plaintiff's motion for recusal is denied.

Plaintiff has also filed a motion to alter the judgment pursuant to Federal Rule of Civil Procedure 59.  Rule 59(e) allows a court to alter or amend a judgment only if the plaintiff can "demonstrate a manifest error of law or present newly discovered evidence."  *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008).  A manifest error is a "wholesale disregard, misapplication, or failure to recognize controlling precedent."  *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted).  A plaintiff must "clearly establish" that he is entitled to relief under Rule 59(e).  *Harrington v. City of Chicago*, 433 F.2d 542, 546 (7th Cir. 2006) (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001)).  The court concludes that there is no basis to alter the July 20, 2020 screening order.  Plaintiff's motion merely realleges facts that were contained in his amended complaint and previously presented to the court.  It does not offer any other factual or legal argument that convinces the court that its July 20, 2020 order was in error.  Accordingly, Plaintiff's motion to alter judgment is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to alter judgment and for recusal (Dkt. No. 14) is **DENIED**.

Dated at Green Bay, Wisconsin this 28th day of July, 2020.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge